United States District Court
Southern District of Texas
**ENTERED**
May 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE PORTILLO, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-1819 |
| | § | |
| FIESTA MART, LLC, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

This premises liability case is before the Court on Plaintiff's Motion for Sanctions for Spoliation of Evidence.[1]  ECF 25.  Having reviewed the parties' submissions and the law, the Court recommends that the Motion be denied.

### I.     Background

Plaintiff was injured when he slipped and fell near the checkout aisle of a Fiesta Mart store in Houston, Texas at approximately 5:25 p.m. on April 16, 2022. ECF 1-2 at 7.  Plaintiff filed a premises liability case against Fiesta Mart, LLC in state court on May 3, 2022.  ECF 1-2.  Defendant removed the case to this federal court.  ECF 1.  After two continuances of Docket Control Order deadlines (ECF 12; ECF 17), Defendant filed a Motion for Summary Judgment on February 16, 2024.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 35.

ECF 20.  Defendant's Motion for Summary Judgment argues that Plaintiff cannot prove that Defendant had actual or constructive notice of a dangerous condition on the floor.  *Id.*  The parties agreed to extend the deadline for Plaintiff's Summary Judgment Response (ECF 24) but, before that deadline expired, Plaintiff filed a Motion for Sanctions for Spoliation of Evidence.  ECF 25.  Because the Court's ruling on the spoliation issue is relevant to the issues before the Court on Defendant's Motion for Summary Judgment, the Court extended Plaintiff's deadline to respond to the Motion for Summary Judgment until 20 days after the ruling on the instant Motion for Sanctions, which is ripe for determination.  ECF 33; ECF 36.

## II.  Spoliation Standards

"Spoliation is the destruction or the significant and meaningful alteration of evidence." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010).  Federal law governs the Court's spoliation decision even in a case in which subject matter jurisdiction is based on diversity.  *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003).

> A party seeking an adverse-inference instruction as sanction based on spoliation of evidence must show that (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Pasha v. Dick's Sporting Goods Inc.*, No. 4:22-CV-03211, 2024 WL 620282, at *1

(S.D. Tex. Feb. 14, 2024) (quoting *Rimkus Consulting Group, Inc.,* 688 F Supp 2d at 615–16). The obligation to preserve evidence arises when a party has notice that the evidence is relevant to litigation or should have known the evidence may be relevant. *Pasha*, 2024 WL 620282, at *2 (citing *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015)). A party seeking an adverse inference instruction as a sanction for spoliation must show that the spoliator acted in bad faith. *Id.* at *1 (citing *Rimkus*, 688 F. Supp. 2d at 615-16); *Miller v. Michaels Stores, Inc.*, No. 23-30393, 2024 WL 1461358, at *5 (5th Cir. Apr. 4, 2024). "Bad faith," in the context of spoliation, generally means "destruction for the purpose of hiding adverse evidence." *Guzman*, 804 F.3d at 713; FED. R. CIV. PRO. 37(e)(2) (requiring a "finding that the party acted with the intent to deprive another party of the information's use in the litigation").

### III. Analysis

Plaintiff argues that he promptly notified Defendant of the need to preserve video evidence from 12:00-7:00 p.m. on April 16, 2022 (ECF 25-2 at 2), but Defendant wrongfully preserved and later produced only a 52-minute video, consisting of approximately 42 minutes of video before, and 10 minutes of video after his fall. *See* ECF 25 at 4. Plaintiff contends Defendant acted in bad faith by delaying and prolonging discovery in an attempt to conceal that it had failed to preserve potentially relevant evidence. *Id.* at 6. Plaintiff's spoliation motion seeks, as a sanction for not preserving relevant video evidence, an adverse inference

instruction at trial instructing the jury, in part, that it "must infer or presume that the spoliated evidence was unfavorable or harmful to the Defendant's case, and that it was favorable to the Plaintiff's case." ECF 25 at 7.

The Motion also asks the Court to strike Defendant's affirmative defenses 3-7, arguing that surveillance video footage, had it been properly preserved, would disprove those defenses. *Id.* Affirmative defenses 3-7 argue the following: (3) Plaintiff's own failure to use reasonable care and caution proximately caused his damages; (4) Plaintiffs' damages or injuries were caused by third persons not under Defendant's control; (5) Defendant has no actual or constructive knowledge of the hazardous condition, or the condition was not hazardous; (6) the condition was open and obvious; and (7) the incident was an unavoidable accident. ECF 1-2 at 15-19.

### A. Fiesta Mart had a duty to preserve relevant evidence and the unavailable video may be relevant to Plaintiff's claim.

The Court has reviewed the 52-minute video submitted as Exhibit C to Defendant's Motion for Summary Judgment. The video confirms that on April 16, 2022, Plaintiff slipped and fell on something on the floor at the end of a check out aisle at a Fiesta Mart store. ECF 21-3. Two days later, on April 18, 2024, Plaintiff's counsel, sent Defendant a "Letter of Representation and Evidence Preservation Notification." ECF 25-2. The letter notified Defendant of the potential relevance of images and video of the area near the location of the fall around the time of the incident and specifically requested preservation of:

4

> All photographs, video, recorded images of all kind and nature, containing a recording or images of or near the location of Mr. Portillo's slip and fall beginning at noon April 16, 2022 and ending at 7:00 p.m. on April 16, 2022.

*Id.* at 2. Defendant's obligation to preserve evidence arose on April 20, 2022, the date it received Plaintiff's April 18, 2022 letter. ECF 25-5; *Guzman v. Jones*, 804 F.3d at 713.

The video footage is relevant to the issue of Defendant's actual or constructive knowledge of the condition on the premises that caused the plaintiff's injury. *See Walker v. Wal-Mart Stores, Inc.*, No. CV 13-1332, 2014 WL 12537084, at *3 (S.D. Tex. June 11, 2014) (identifying elements of a premises liability claim; citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)). Proof of constructive knowledge requires evidence that "it is more likely than not that the [hazardous condition] existed long enough to give [the defendant] a reasonable opportunity to discover it." *Olds v. Marmaxx Operating Corp.*, No. CIV.A. H-12-1265, 2013 WL 3899326, at *3 (S.D. Tex. July 26, 2013) (changes added; citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002)); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (reversing jury verdict and rendering judgment for Walmart because the circumstantial evidence supported "only the *possibility* that the dangerous condition existed long enough to give Walmart a reasonable opportunity to discover it." (emphasis in original)). Thus, video footage of the area where Plaintiff fell for some period of time before his fall is relevant to the presence or

absence of actual or constructive notice of the condition on the floor.

The store manager, Gabriel Garcia, testified at his deposition that when an incident such as a fall is reported, Fiesta employees check to see if cameras captured the incident on video, and review "as far as needed" before the incident. ECF 25-7 at 1. He testified that "if [we] don't see anything then . . . we'll record anywhere from 30 to 45 minutes before" the incident. ECF 25-7 at 1. Presumably, Garcia reviewed the video and preserved the video as far back as *he felt* was needed for purposes of the case. However, Plaintiff persuasively argues that a longer video could very well have shown actions by another shopper or employee that would shed light on how or when a substance got on the floor, which in turn is relevant to whether Defendant had an opportunity to discover it. Defendant's unilateral decision to preserve only 42 minutes of video prior to the accident deprived Plaintiff and his counsel of the ability to review the video as far back as *they felt* was needed.

Garcia also testified that a Fiesta maintenance employee is responsible for hourly inspections of the area and that other employees, such as cashiers, share responsibility for ensuring the area is safe. ECF 25-7 at 2. Defendant's unilateral decision to preserve and produce only 52 total minutes of video "deprives [Plaintiff] of the ability to determine if Defendant's employees followed the policy of cleaning the floor every hour." ECF 25 at 4. The relevance of additional, pre-fall, video footage is particularly true where, as here, the 42 minutes of pre-fall video footage

6

that were produced raise a fact question as to how or when a substance got on the floor.

Plaintiff has satisfied two of the elements of a spoliation claim: (1) Defendant had an obligation to preserve evidence in its possession; and (2) the evidence that was not preserved was relevant to Plaintiff's claim. However, as discussed more fully below, Plaintiff has not satisfied the third element of a spoliation claim— that Defendant acted in bad faith by failing to preserve all of the requested video footage. Plaintiff's failure to satisfy the bad faith element is dispositive of this motion. Therefore, the Court does not address whether Defendant could have fulfilled its duty to preserve relevant video evidence by preserving less than the requested seven hours of video.

### B. Plaintiff has not shown that Fiesta Mart acted in bad faith.

As set forth above, plaintiff must establish that Defendant acted in bad faith before the Court will approve an adverse inference instruction. *Pasha*, 2024 WL 620282, at *1. Plaintiff argues that Defendant "either negligently or intentionally breached" its duty to preserve relevant evidence to the prejudice of Plaintiff. ECF 25 at 5. Plaintiff's contention that it is entitled to an adverse inference if Defendant *negligently* destroyed the video is contrary to federal spoliation law. In the Fifth Circuit, a plaintiff must show that the defendant destroyed evidence in bad faith before a trial court will award an adverse inference instruction. *Miller,* 2024 WL

1461358, at *5; *Guzman*, 804 F.3d at 713.

> As evidence of Defendant's bad faith, Plaintiff argues:
>
> Rather than properly preserve this video, Fiesta destroyed the evidence or rendered it unavailable. Fiesta then attempted to cover up its misdeeds by frivolously objecting to the requests for production and then stalling production for months while it claimed it was supplementing discovery. It was not until it was potentially facing a motion to compel that Fiesta finally admitted to the destruction of the video, or that it was rendered unavailable. The destruction or unavailability of the requested preserved video, and the subsequent game of misdirection that Fiesta playing in abusing the discover[y] process shows that this was done in bad faith.

ECF 25 at 6. In August 2022, Plaintiff propounded requests for production seeking video recordings of the area of incident for an 8-hour time-period from 4 hours prior to 4 hours after the incident. ECF 25-3 at 4-5. Defendant objected to the scope of the request and represented that it was "still searching" for responsive material. *Id.* Over the next several months, Plaintiff's counsel repeatedly inquired about the status of the video. ECF 25-8. On July 6, 2023, almost a year after the initial discovery request, Defendant produced a 52-minute video depicting the scene from 16:45 (4:45 p.m.) through 17:38 (5:38 p.m.), a period beginning approximately 42 minutes prior to the incident and ending approximately 10 minutes after the incident. ECF 21-3. After Plaintiff complained that the video production was deficient, Defendant informed Plaintiff on November 3, 2023 that it had produced "the video that exists for this incident[,]" and that Defendant "[was] not withholding any video footage." ECF 25-8 at 94.

Defendant contends it complied with its duty to preserve evidence by retaining and producing the 52-minute video. ECF 36 at 6. Defendant argues that it did not "destroy" evidence. The video surveillance system records over footage approximately every thirty days, and therefore the video footage, other than the preserved 52 minutes, became unavailable before this case was filed. ECF 36 at 7; ECF 36-2 at 9-10 (testimony of Defendant's corporate representative, Rodney Lee, that generally the video cameras "self-purge and there's no more storage" after 30 days). Defendants also point to testimony by Lee and Garcia that the decision to preserve only 42 minutes of video before an incident is consistent with Fiesta Mart's standard practice. ECF 36 at 7 (citing ECF 36-2 at 9; ECF 25-7 at 1). Further, Defendant's counsel attributes the delay in supplementing discovery responses and confirming that it had produced all available video to her difficult pregnancy and transfer to a new law firm, rather than any bad faith by Defendant. ECF 36.

Fiesta received notice by April 20, 2022, (just four days after the incident and well before expiration of the usual 30-day storage period), that Plaintiff requested preservation of video for the period from noon until 7:00 p.m. on April 16, 2022. Defendant was on notice that Plaintiff believed the relevant time-period was seven hours. Yet, after receiving Plaintiff's notice, Defendant preserved only 52 minutes of video. While perhaps negligent, Defendant's failure to preserve the entire seven-hour time period has not been shown to be the result of bad faith or bad conduct as

required for an adverse inference instruction. Defendant's delays during the discovery process, which prevented Plaintiff from learning of the failure to preserve the full seven hours of video sooner, do not demonstrate that Defendant acted in bad faith at the time it took steps to preserve only 52 minutes of video. In this case, the Court finds the failure to preserve a sufficient period of video footage that could, for example, include the time-period in which the floors were supposed to be cleaned pursuant to store policy, is not equivalent to destruction for the purpose of hiding adverse evidence. In sum, Defendant's conduct in preserving only 52 minutes of video does not constitute the type of "bad faith" or "bad conduct" required by the Fifth Circuit to support an adverse inference. *See Guzman*, 804 F.3d at 713 ("We permit an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of 'bad faith' or 'bad conduct.' ") (quoting *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005)).

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Motion for Sanctions for Spoliation of Evidence (ECF 25) be DENIED. All motions in limine, as well as whether Defendant should be precluded from introducing any particular testimony or evidence due to its failure to preserve more than 52 minutes of video, are reserved for the trial court.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 21, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge