IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE PORTILLO,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:22-cv-1819 |
| FIESTA MART, LLC,<br>    *Defendant*. | §<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

This premises liability case is before the Court on Defendant's Motion for Summary Judgment.[1]  ECF 20.  Having reviewed the parties' submissions and the law, the Court recommends that the Motion be denied.

### I.      Factual and Procedural Background

For purposes of summary judgment, it is undisputed that Plaintiff was injured at approximately 5:25 p.m. on April 16, 2022 when he slipped on a liquid substance that was on the floor near the checkout aisle of a Fiesta Mart store in Houston, Texas. *See* ECF 20 at 2-4.  Plaintiff sued Fiesta Mart, LLC in state court on May 3, 2022. ECF 1-2.  Defendant removed the case to this federal court.  ECF 1.  Defendant filed a Motion for Summary Judgment on February 16, 2024.  ECF 20.  After an extension

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 35.

of time due to a pending Motion for Spoliation of Evidence, Plaintiff filed his Response on June 7, 2024. ECF 39. Defendant filed a Reply on June 14, 2024. ECF 41. The matter is now ripe for determination.

## II. Summary Judgment Standards

A party is entitled to summary judgment under Federal Rule of Civil Procedure 56 if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, while a dispute about that fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (internal quotation marks omitted).

In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *United States ex rel Johnson v. Raytheon Co.*, 93 F.4th 776, 783 (5th Cir. 2024). The Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of*

*Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III. Analysis

#### A. Premises Liability Standards

This is a premises liability negligence case. In a premises liability case, a plaintiff must prove that the defendant owed the plaintiff a duty of care, the defendant breached that duty, and the breach caused plaintiff's damages. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). The existence of defendant's duty is a question of law. *Id*. The elements required to prove the existence of a duty in a premises liability claim are well-established:

> (1) actual or constructive knowledge of a condition on the premises by the owner or occupier;
> (2) the condition posed an unreasonable risk of harm;
> (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
> (4) the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*Walker v. Wal-Mart Stores, Inc.*, No. CV 13-1332, 2014 WL 12537084, at *3 (S.D. Tex. June 11, 2014) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). To prove actual or constructive knowledge of a condition on the premises, Plaintiff must prove either that Defendant had actual knowledge of the unreasonably dangerous condition, or that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Olds v.*

*Marmaxx Operating Corp.*, No. CIV.A. H-12-1265, 2013 WL 3899326, at *3 (S.D. Tex. July 26, 2013) (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002)). A plaintiff may rely on circumstantial evidence to meet his burden on the temporal requirement of constructive knowledge. *Moreno v. Wal-Mart Stores Texas, LLC*, 506 F. Supp. 3d 503, 509 (S.D. Tex. 2020).

### B. Actual or Constructive Notice

For purposes of summary judgment, Defendant does not contest the presence of a substance (water) on the floor, that the substance created an unreasonably dangerous condition, or that Plaintiff slipped on the substance and fell. *See* ECF 20. Thus, the only issue currently before the Court is whether a genuine issue of material fact exists as to Defendant's actual or constructive notice of the unreasonably dangerous condition. In support of its Motion for Summary Judgment, Defendant cites Plaintiff's testimony that Plaintiff did not know where the water came from or how long it had been there, and that Plaintiff believes the manager would have cleaned it up had he known it was there. ECF 41 at 2. However, the Court must focus on Defendant's actual or constructive knowledge of the condition, not Plaintiff's.

Circumstantial evidence, such as evidence demonstrating the proximity of employees to the dangerous condition or the likely cause of the condition, can be considered when determining whether Plaintiff has raised a genuine issue of fact

regarding Defendant's constructive notice. *See Moreno*, 506 F. Supp. 3d 508-09 (finding that evidence of a large puddle located next to a clogged drain and employees' proximity to the condition as they walked past the area numerous times presented a fact issue). Plaintiff argues that he has presented circumstantial evidence sufficient to create a fact issue regarding Defendant's constructive knowledge of the water on the floor. The Customer Incident Report states that Plaintiff fell on "a small amount of water on the floor in front of the candy rack." ECF 39 at 18. According to the store manager's testimony, a drink cooler was located behind the candy rack in the area where Plaintiff fell. ECF 39 at 12. The store manager, Gabriel Garcia, testified that these kinds of coolers "always leak," but he was not aware of "persistent issues" with the coolers and does not remember whether the cooler near the check-out lane where Plaintiff fell was leaking at the time of the incident. *Id.* at 12-13; ECF 41-2 at 50. Plaintiff has also presented evidence of a training video created by Defendant that shows a similar drink cooler with water on the floor around it, which presumably is shown to employees during training to show the propensity of drink coolers to leak or cause condensation on the floor around the cooler. ECF 39 at 19. Garcia further testified that the coolers have pans beneath them to collect the water that leaks or drips from the drink coolers. ECF 41-2 at 50-51.

    The summary judgment evidence demonstrates that the incident occurred in close proximity to cashiers who were working in the check-out lines and video

surveillance shows multiple employees walking in the vicinity of the incident before Plaintiff's fall. ECF 39, Exh. E (video); ECF 41 at 5 (Defendant's Reply stating that numerous "employees [ ] are shown walking through the area within the forty, and even within the twenty minutes, prior to Plaintiff's fall"); ECF 41-1 (Garcia Declaration identifying employees in video). Garcia testified that according to Fiesta policy, the area where Plaintiff fell should have been mopped or swept by maintenance personnel every hour. ECF 39 at 12. The surveillance video demonstrates that in the 42 minutes prior to Plaintiff's fall, no employee mopped or swept the area as required by company policy. ECF 39, Exh. E (video); ECF 39 at 13, 21. Defendant argues the evidence of employees in close proximity to the water proves lack of actual and constructive notice, but viewed in the light most favorable to Plaintiff, the video evidence in conjunction with Defendant's policy raises a fact issue as to whether Fiesta employees should have discovered the condition. Furthermore, in *Baxter v. Wal-Mart Stores E., LP*, No. 3:10CV607-DPJ-FKB, 2012 WL 2376312, at *2 (S.D. Miss. June 22, 2012), the district court found that defendant's knowledge of a cooler's propensity to leak created a fact issue as defendant's knowledge of the dangerous condition and failure to correct it.

In ruling on Plaintiff's Motion for Spoliation, the Court concluded that "[t]he relevance of additional, pre-fall, video footage is particularly true where, as here, the 42 minutes of pre-fall video footage that were produced raise a fact question as to

how or when a substance got on the floor." ECF 37 at 6-7. Given that the video raises a fact question as to how long the water was on the floor, it follows that the video, in conjunction with Plaintiff's other evidence, raises a fact question for the jury as to whether it is more likely than not that the dangerous condition existed long enough to give Defendant a reasonable opportunity to discover it. Therefore, the Court recommends that Defendant's Motion for Summary Judgment be denied.

### IV.  Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion for Summary Judgment (ECF 20) be DENIED and this case remain set for docket call on September 14, 2024.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 31, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge